Moncrief, J.
It is insisted that the Judge erred, at the trial, in refusing to allow the question:
“Was this note the note of the old firm or of the new firm?”
Some testimony had been given tending to show the circumstances under which the note was taken by the plaintiffs; whether it was the note of the old firm or of the new firm, and perhaps enough to show by which of the two firms it was in fact made. At all events, sufficient evidence had been adduced to make it proper to submit this question to the jury. The witness was asked, in effect, to state a fact which it was the province of the jury to determine, if the evidence can be regarded as conflicting. If it cannot be regarded as conflicting, then he was asked to state a conclusion of law.
The ruling of the Court was correct.
The fact that the note was made by the new firm was assumed by the Court in the charge to the jury.
The defendant also urged that the Court improperly refused to charge the jury, the evidence being closed, “ that the defendant was entitled to a verdict."
*63 The issues made by the pleadings, presented the questions, whether the note delivered to the plaintiffs was known by them to be the note of the new firm, and whether it was taken by them in payment and satisfaction of the claim in suit. Much testimony had been introduced in reference to these questions, and the jury of right alone could determine them. The case was not of a character to be withdrawn from the consideration of the jury.
The Court properly submitted the whole case and its issues to the jury. The charge was “that if they believed, from the evidence, that neither of the plaintiffs knew or had notice that the note referred to was the note of the new firm when they took it, that then the plaintiffs were entitled to a verdict.”
No exceptions were taken to the charge of the Judge, nor was any request made to submit any matter or proposition to the jury. The defendant therefore cannot complain of the charge.
The jury found a verdict for the plaintiffs.
Upon a careful review of the whole case it cannot be said that the verdict is not well sustained by the evidence. The finding, clearly, is not against the weight of evidence.
The order denying a new trial should be affirmed, with costs.
Hoffman, J.
There was no exception to the charge. The acceptance of a note of the new firm for a debt of the old firm may, under certain circumstances, operate as a discharge; but if the creditor took a note of new parties dealing under the same firm name, from one of them who was his original debtor, and with the concurrence of the other member of the old firm no discharge of the obligation of the latter would be produced. The whole case turns upon the question whether the plaintiffs did not expect to get, and suppose they had got, the note of the old firm; and whether the present defendant, Smith, did not sanction, by his acts, this supposition. This question was fairly put to the jury, and they have answered it in the plaintiffs’ favor.
The question whether the note given, was the note of the old or of the new firm, was a complex question of fact and law, not to be put to a witness.
The order denying a new trial must be affirmed, with costs.
*64 Pierrefont, J., concurred in the opinion that the order should be affirmed.
Order affirmed.